UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA TACKETT,                    Case No. 1:05-cv-560

      Plaintiff,                    Magistrate Judge Timothy S. Black

vs.

WAL-MART STORES EAST, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Wal-Mart's motion for summary judgment (doc. 20), and the parties' responsive memoranda (docs. 31, 33).[1]  The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 4.)

## BACKGROUND AND FACTS

This is a premises liability action arising from an incident involving plaintiff, Pamela Tackett, at Wal-Mart store #1521, located at 10240 Colerain Avenue, Hamilton County, Ohio on November 24, 2000.  (Doc. 1, Ex. 1.)  On that morning, plaintiff arrived at the Wal-Mart store to shop for, among other things, a bicycle.[2]  (Nov. 2003 Tackett Dep. at 16.)  Plaintiff arrived at the store with her husband and children some time after

---

[1] Defendant's motion for summary judgment and plaintiff's memorandum *contra* are supported by the November 2003 deposition of Pamela Tackett ("Nov. 2003 Tackett Dep."); March 2006 deposition of Pamela Tackett ("March 2006 Tackett Dep."); Deposition of Darryl Pugh ("Pugh Dep."); Deposition of Monecca Cooper ("Cooper Dep."); Deposition of Delmar Tackett ("Delmar Tackett Dep."); Deposition of Francis Turner ("Turner Dep.") and Deposition of George Zanone ("Zanone Dep.");

[2] November 24, 2000 was the day after Thanksgiving, designated by Wal-Mart as "blitz day" – the biggest shopping day of the year.

the store opened at 6:00 a.m. After entering the store, plaintiff located a display of disassembled boxed bicycles in the outside garden area.

According to plaintiff, the display consisted of four rows of boxed bicycles stacked four high. (*Id*. at 17.) The boxes were approximately three feet wide, six feet long, and eight inches deep. (March 2006 Tackett Dep. at 47.) Plaintiff claims the boxes were stacked four boxes high on their narrow eight inch side, totaling approximately twelve feet high. (*Id*. at 58.) As a general rule, Wal-Mart's freestanding box displays should not be stacked higher than five feet, in order to prevent items on display from being unstable and unsafe to patrons. (*See* Cooper Dep. 34-35, Zanone Dep. 35-36, Pugh Dep. 33-34.))

According to plaintiff, one box was positioned on the floor, adjacent to the display. Plaintiff maintains that while she was leaning over to read printed advertising on this box, she was struck in the head, shoulders, and arm by a box that had fallen from the top of the display, thereby causing her injuries. (Nov. 2003 Tackett Dep. at 17.)

## PROCEDURAL HISTORY

On July 25, 2005, plaintiff filed a complaint against Wal-Mart in the Hamilton County Court of Common Pleas, asserting claims of negligence and negligent supervision. (Doc. 1, Ex. 1.) On August 25, 2005, Wal-Mart removed the action to this Court. (Doc. 1). Now before the Court is Wal-Mart's a motion for summary judgment. (Doc. 20.)

Wal-Mart disputes plaintiff's version of how the boxes were stacked, and asserts that the boxes were "flat stacked" approximately five feet high. Nonetheless, even assuming that plaintiff's version of the events is factually accurate, Wal-Mart asserts that

no reasonable jury could find in her favor, and Wal-Mart maintains, therefore, that entry of summary judgment is appropriate.

Plaintiff asserts, however, that there are genuine issues of material fact in dispute, and that entry of summary judgment is therefore improper. The undersigned agrees, and for the reasons that follow, finds that Wal-Mart's motion is not well-taken.

## STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences are drawn in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

To establish a claim for negligence against Wal-Mart, plaintiff must demonstrate: (1) that Wal-Mart owed her a duty; (2) that Wal-Mart breached its duty; (3) that the breach of duty was the proximate cause of her injury; and (4) that her injury resulted in damages. *Kornowski v. Chester Properties, Inc*. 2000 WL 895594, *1 (Ohio App. 11 Dist. 2000).

As plaintiff was a business invitee, Wal-Mart owed a duty of ordinary care to plaintiff to keep the premises in a reasonably safe condition. *Paschal v. Rite Aid*

*Pharmacy, Inc*. 18 Ohio St.3d 203, 480 N.E. 2d 474 (Ohio 1985). As such, Wal-Mart had a duty to warn plaintiff of any latent or concealed defects or perils of which Wal-Mart knew or should have known. *Green v. China House*, 123 Ohio App. 3d 208, 211, 703 N.E.2d 872, 874 (Ohio Ct. App.1997).

However, the liability of a business owner for failure to protect a customer from injuries on its premise is predicated on the owner's superior knowledge of the specific condition that caused the alleged injury. *Debbie v. Cockran Pharmacy-Berwick, Inc*., 11 Ohio St.2d 38, 227 N.E.2d 603 (Ohio 1967). That is, "[t]he plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81, 84 (Ohio 1973).

Moreover, under Ohio law, "the mere happening of an accident gives rise to no presumption of negligence, and where one is accidentally injured while he is a business guest upon the premise of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages." *Parras v. Std. Oil Co.*, 160 Ohio St. 315, at ¶ 1 syllabus, 116 N.E.2d 300 (Ohio 1953)

Here, Wal-Mart argues that plaintiff is unable to establish, through competent, credible evidence, why the boxed bicycle fell on her. Wal-Mart further asserts that there is no evidence in the record that it caused the box to fall, or that Wal-Mart knew, or

-4-

should have known, that this box would fall. As a result, Wal-Mart maintains that no reasonable jury could conclude that Wal-Mart was on notice of the hazardous condition, which proximately caused injury to plaintiff. Wal-Mart further maintains that any hazards associated with the bicycle display were "open and obvious." Each argument will be addressed in turn.

> A. *Genuine issues of material fact exist as to whether Wal-Mart's stacking of the boxes created a hazardous condition.*

As noted above, Wal-Mart had a duty to warn plaintiff of any latent or concealed defects or perils of which it knew or should have known. *Green*, *supra*. However, plaintiff need not present evidence to show that Wal-Mart had actual or constructive notice or knowledge of the hazardous condition (*i.e.,* the alleged improperly stacked boxes). Rather, proof that the operator or his employees created the condition is proof that he had notice of it. *Detrick v. Columbia Sussex Corp.*, 90 Ohio App.3d 475, 477, 629 N.E.2d 1081, 1083 (Ohio Ct. App. 1993) (citing *Fox v. Ben Schechter & Co.*, 57 Ohio App. 275, 13 N.E. 730 (Ohio Ct. App. 1937)).

Here, plaintiff was injured after a box containing a bicycle fell from a free-standing display. Wal-Mart was responsible for creating the bicycle display and for stacking the boxes. As noted above, Wal-Mart employees have training on how to stack items when creating displays, and, as a general rule, freestanding boxed displays are to be stacked no higher than five feet. (Pugh Dep.21-22, 33-34).

Upon deposition, however, Francis Turner, an independent witness to the incident,

testified that the boxes were stacked higher than five feet. (Turner Dep. 19-20.) Moreover, plaintiff and her husband also testified the boxes exceeded Wal-Mart's five-foot rule. (March 2006 Tacket Dep. 58; Delmar Tackett Dep. 24.)

Accordingly, genuine issues of material facts exist as to whether or not the boxes were stacked higher than five feet, and whether or not Wal-Mart's stacking of the boxes created a hazardous condition, thereby constituting proof that Wal-Mart had notice of the hazardous condition. *See Detrick*, 90 Ohio App.3d at 477, 629 N.E.2d at 1083; *see also Keister v. Park Centre Lanes*, 3 Ohio App.3d 19, 443 N.E.2d 532 (Ohio Ct. App. 1981) (whether the owner acted with reasonable care under the circumstances is a question of fact for the jury); *Burks v. Christ Hospital*, 19 Ohio St.2d 128, 131, 249 N.E.2d 829, 831 (Ohio 1969) (the question whether or not appropriate steps were taken to prevent reasonably foreseeable injuries must be resolved by the trier of fact).

Nonetheless, Wal-Mart further contends that plaintiff has not established that the incident was proximately caused by an unreasonably dangerous condition on Wal-Mart's premises, (of which Wal-Mart had actual or constructive notice), because plaintiff does not know why or how the box fell. Wal-Mart asserts that under Ohio law, a premises liability plaintiff is required to identify the cause of the particular incident. *See Stamper v. Middletown Hospital Assn.*, 65 Ohio App. 3d, 65, 67-66, 582 N.E.2d 1040,1042 (Ohio Ct. App. 1989). Wal-Mart's assertion is misplaced.

*Stamper* involved a slip-and-fall case. To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall.

*Stamper*, at 68 (citing *Cleveland Athletic Assn. Co. v. Bending*, 129 Ohio St. 152, 194 N.E. 6 (Ohio 1934). The instant action is not a slip and fall case, however, and here plaintiff need only show that Wal-Mart's negligent conduct, (*i.e*, alleged improperly stacked boxes), proximately caused her injuries. This is a question for the jury, and it cannot be resolved on summary judgment. *See State Farm Mut. Auto. Inc. Co. v. VanHoessen*, 114 Ohio App.3d 108, 111, 682 N.E.2d 1048, 1049 (Ohio Ct. App. 1996) (it is a question of fact whether negligent conduct is the proximate cause of an injury).

Moreover, Wal-Mart's reliance on *Metts v. Wal-Mart Stores,* Inc,. 269 Ga.App. 366, 604 S.E.2d 235 (Ga.App. 2004) is also misplaced. In *Metts*, the plaintiff was injured when several boxes fell from a shelf at a Wal-Mart store and struck her on the nose and shoulder. The Georgia court of appeals found that the plaintiff failed to present any admissible evidence that a dangerous condition caused her injuries, and, accordingly, it affirmed the district court's grant of summary judgment. Unlike the present case, however, the Georgia court found that "the undisputed evidence reveals that the boxes were stacked properly and that the shelves on which they were placed contained no defect either before or after the accident." *Metts,* 604 S.E.2d at 237. Here, as noted above, it remains disputed whether the bicycle boxes were stacked properly.

> B. *Whether the stacked boxers constituted an "open and obvious" danger is a question of fact that cannot be resolved on summary judgment.*

Wal-Mart further contends that any hazards associated with the bicycle display were "open and obvious." Pursuant to the open and obvious doctrine, an owner of a

-7-

premises owes no duty to persons entering those premises regarding dangers that are open and obvious. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (Ohio 1968), paragraph one of the syllabus.

Open and obvious hazards are neither hidden nor concealed from view nor nondiscoverable by ordinary inspection. *Parsons v. Lawson* Co., 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698, 700-701 (Ohio Ct. App. 1989) "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." *Riggs v. Commonwealth Hotels, Inc.* 2007 WL 1705097, *2 (Ohio App. 8 Dist. 2007); *see also Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (Ohio 1999) (the issue of open and obvious danger was a question of fact for the jury).

Here, genuine issues of material facts exist as to whether the boxes were stacked in a manner that would create an open and obvious danger.

    C.    *Res Ipsa Loquitur*

Lastly, the undersigned finds that plaintiff may not rely on the doctrine of *res ipsa loquitur*. "[R]es ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff ." *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66, 262 N.E.2d 703, 705 (Ohio 1970). This rule of evidence applies if the plaintiff can prove the following: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive

management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Id*. at 66-67.

Here, Wal-Mart was not in complete control of the bicycle display. The incident in question occurred on the busiest shopping day of the year, at the busiest time of day. There were numerous customers in the area, several boxed bicycles had already been purchased, and several customers had physically touched, moved, and/or manipulated the boxes. (*See generally* Pugh Dep.) Thus, plaintiff has failed to establish that the stacked bicycles were in the exclusive control of Wal-Mart at the time a box fell on her. Hence, the doctrine of *res ipsa loquitur* does not apply to this case.

## CONCLUSION

Accordingly, for the several reasons stated herein, **IT IS HEREBY ORDERED** that Wal-Mart's motion for summary judgment (doc. 20) is **DENIED,** consistent with this opinion, and this civil action shall proceed to trial by jury.

**IT IS SO ORDERED**.

Date: September 6, 2007         s/Timothy S. Black
                                Timothy S. Black
                                United States Magistrate Judge